## CARPENTER v. STATE.

### No. 13276.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 13, 1935.

Bunnenberg & Shell, of Wichita Falls, for plaintiff in error.

Mike Anglin, Geo. W. Anderson, and J. W. Friberg, all of Wichita Falls, for defendant in error.

BROWN, Justice.

George H. Hodgins, chief of police of the city of Wichita Falls, in Wichita county, Tex., brought suit in the district court of said county, alleging that he seized and took into his possession certain gambling devices and machines which could be and were used for gambling purposes, which are commonly known as slot machines. He alleged where he found and seized such machines and that they were owned and operated by one H. W. Carpenter. The construction and operation of the machines were fully alleged, and the petition prays that the machines be condemned and ordered destroyed, sold, or returned to the owner, or otherwise disposed of as the facts and the law may justify.

H. W. Carpenter, who was the defendant in the suit, and who is the appellant here, answered by a general demurrer and a general denial.

Upon the trial of the case, judgment was entered authorizing the said chief of police to destroy the machines, to deliver the money found in them to the district clerk of Wichita county, authorizing the costs of the proceeding to be paid out of such money and the balance held to await further order of the court.

Notice of appeal having been given, the trial court suspended the judgment pending the appeal and fixed the supersedeas bond at $500.

There are two assignments of error. The first is that the trial court erred in overruling the general demurrer to the petition; the second is that the trial court committed fundamental error in failing to dismiss the cause when it appeared from the record that the proceedings were not in strict compliance with the statutes (Vernon's Ann.P.C. art. 619 et seq.) governing such proceedings.

■■ The general demurrer is not well taken, for the very simple reason that the petition shows on its face that the petitioner is a duly qualified and authorized peace officer, whose duty it is and was to seize gambling devices, machines, and paraphernalia, and if it were necessary for an absolutely strict compliance with the strict letter of the statutes, the general demurrer could not reach the petition. We do not see any merit in the second assignment of error. The testimony, which is undisputed, discloses that officers of the law, under the direction of said chief of police, went to the business establishments where these gambling devices were being used and operated and took them in their possession; that the proprietors of these places of business made no objection to the seizure of the machines, and the substance of their testimony is that they had none. They freely and voluntarily testified to the facts relating to the seizure.

The assignments of error are overruled, and the judgment of the trial court is affirmed.